UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10101-CV-KING
MAGISTRATE JUDGE REID

FRANCISCO RODRIGUEZ CRUZ,

    Plaintiff,

v.

DEPUTY CARRERAS,

    Defendant.
_____/

### REPORT OF MAGISTRATE JUDGE
### RECOMMENDING DISMISSAL AS DUPLICATIVE

**I. Introduction**

Plaintiff, **Francisco Cruz Rodriguez,** a pre-trial detainee, currently confined at the Monroe County Detention Center ("MCDC"), and no stranger to this Court, has recently filed another civil rights complaint, pursuant to 42 U.S.C. § 1983. *See Cruz Rodriguez v. Brady. et al.,* No. 20-10093-CV-Moore (S.D. Fla. Aug. 7, 2020). In this latest filing, Plaintiff sues Deputy Carrera arising from an assault occurring on March 20, 2020 while Plaintiff was confined at MCDC. For the reasons set forth in this report, this higher numbered case, **No. 20-10101-CV-King,** should be **DISMISSED** as duplicative of the Plaintiff's prior pending civil rights action, *Cruz Rodriguez v. Brady, et al.,* No. 20-10093-CV-Moore, which sues multiple

1

defendants, including Deputy Carreras, arising from the identical set of facts relating to Plaintiff's assault on March 20, 2020. *See* [20CV10093 ECF No. 1].

This matter has been referred to the Undersigned for the issuance of all preliminary orders and any report and recommendation to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); and, S.D. Fla. Admin. Order 2019-2.

## II. Background

Plaintiff is currently a pre-trial detainee, incarcerated at the MCDC in Key West, Florida. Because Plaintiff is a *pro se* inmate, his Complaint must be screened pursuant to 28 U.S.C. § 1915A. *See Thompson v. Hicks,* 213 F. App'x 939, 942 (11th Cir. 2007). In his prior civil rights case mentioned above, Plaintiff sued various defendants arising from an assault occurring on March 20, 2020 while pre-trial detained at the MCDC. *See Cruz Rodriguez v. Brady, et al.,* No. 20-20928-CV-Altonaga (S.D. Fla. 2020). Plaintiff was ordered to pay the Clerk's filing fee or file an appropriate application to proceed *in forma pauperis.* The complaint docketed on August 7, 2020, is scheduled to be screened in turn. In this latest filing, docketed on August 24, 2020, the allegations in the Complaint arise from the same core facts as the now pending, lower-numbered case.

## III. Discussion

Plaintiffs "may not file duplicative complaints in order to expand their legal rights." *Vanover v. NCO Financial Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017)

(citing *Greene v. H & R Block Eastern Enters., Inc.*, 727 F.Supp.2d 1363, 1367 (S.D. Fla. 2010)). Accordingly, "federal courts are afforded broad discretion in determining whether to stay or dismiss litigation" that is duplicative in nature. *Georgia ex. rel. Olens v. McCarthy*, 833 F. 3d 1317, 1321 (11th Cir. 2016) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F. 2d 1541, 1551-52 (11th Cir. 1986)).

Moreover, "[t]he Eleventh Circuit's prohibition on claim splitting 'ensures that a plaintiff may not "split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *3637 Corp., Inc. v. City of Miami*, 314 F. Supp. 3d 1320, 1334 (S.D. Fla. 2018) (quoting *Greene*, 727 F.Supp.2d at 1367) (citation omitted)). Thus, under the "claim-splitting doctrine," a district court must apply a two-factor test to determine whether a complaint is duplicative of another pending complaint by analyzing: "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Vanover,* 857 F.3d at 842 (quoting *Khan v. H & R Block Eastern Enters., Inc.*, No. 11-CV-20335-COOKE, 2011 WL 3269440, at *6 (S.D. Fla. July 29, 2011)).

The facts and allegations in this case are virtually identical to those in the lowered case, No. 20-10093-CV-Moore. It is evident that the facts and parties in this latest case are duplicative of, related to, and arise from the same transactions or occurrences, and share identical legal issues.

3

## IV. Conclusion

It is therefore **RECOMMENDED** that:

1. the instant case, **No. 20-10101-CV-King** be **DISMISSED** as duplicative of case **No. 20-10093-CV-Moore;**

2. the Clerk is directed to file a copy of the Complaint [ECF No. 1] and Motion for pauper status [ECF No. 3] in this case in the currently pending, lowered numbered case, **no. 20-10093-CV-Moore;** and

3. this case be **CLOSED** By the Clerk of Court.

Objections to this report may be filed with the court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the court of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Francisco Rodriguez Cruz, *Pro Se*
    Inmate #17006252014071
    Monroe County Jail
    Inmate Mail/Parcels
    5501 College Road
    Key West, FL 33040